**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA           CRIMINAL NO. 06-50013-01

VERSUS                              JUDGE S. MAURICE HICKS, JR.

JAMES T. HILL                       MAGISTRATE JUDGE
                                    HORNSBY

**MEMORANDUM RULING**

Before the Court is a "Motion in Limine to Exclude Testimony of Defendant's Expert Witness" (Record Document 43) filed by the United States of America ("the Government"). The defendant has given notice that he intends to call Dr. Randall Charles Cork ("Dr. Cork"), an anesthesiologist, as an expert in pain medicine. The Government challenges the expert testimony of Dr. Cork on two grounds: (1) that the defendant intends to elicit expert testimony from Dr. Cork on certain topics that are not at issue in this case; and (2) that portions of Dr. Cork's expert testimony are not appropriate for an expert opinion. See id. at 1. The defendant opposed the Motion in Limine, arguing that prohibiting him from calling Dr. Cork as an expert will deprive him of his constitutional right to present a defense under the Sixth Amendment to the United States Constitution. See Record Document 50. Based on the following, the Government's Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND.**[1]

The defendant is charged in an indictment with health care fraud, unlawfully distributing and dispensing controlled substances and being an accessory after the fact.

---

[1]The background section of the instant Memorandum Ruling is adopted, in part, from the Joint Neutral Statement submitted by the parties.

The defendant is a physician.

The indictment charges that the defendant engaged in a scheme to defraud various health care benefit programs by billing for services not rendered and by upcoding, that is, by replacing the most appropriate and less expensive code for a service or procedure with a code for a more complex and therefore more expensive service. The upcoding charges pertain to the defendant allegedly billing for trigger point injections when he was actually performing acupuncture.

The defendant is also charged with illegally distributing and dispensing controlled substances in that his actions were not in the usual course of professional practice and not for a legitimate medical purpose. These counts do not relate to the defendant's extensive prescribing of narcotics. Rather, the charges relate to instances where the defendant allegedly wrote prescriptions to an individual whom he was not seeing as a patient and to prescriptions, some of which had been filled out in advance and dated in the future, which the defendant allegedly left with his non-medically trained girlfriend when he left the country.

Finally, the defendant is charged with being an accessory after the fact in that he assisted someone in avoiding apprehension, trial or punishment by creating and backdating a prescription.

## II. LAW AND ANALYSIS.

On September 15, 2006, in accordance with this Court's order, the defendant notified the Government that Dr. Cork would testify in seven areas: (1) he will describe what a "trigger point" is, and the various methods of treating same; (2) he will testify that injection of a "trigger point" with foreign substances risks detrimental side effects and

ultimately may cause more harm to a patient than benefit; (3) he will testify that dry-needling of "trigger points" is equally effective as injecting foreign substances; (4) he will testify that in his opinion the defendant did not intentionally use the wrong CPT Code for trigger point injections, but rather relied on the advice of his office manager; (5) he will testify that he has reviewed the narrative reports dictated by the defendant and that in his opinion the prescriptions written for the subject patients were consistent with legitimate pain management for the conditions described therein; (6) he will describe the withdrawal effects that would be reasonably expected to occur with long term pain management patients whose medications were abruptly ceased and will testify that to abruptly cease to prescribe medications to these patients, without some means of allowing them to wean themselves off or to find other physicians to treat them, would be malpractice and could possibly result in death; and (7) he will testify that in his opinion the defendant should not be responsible for not detecting addiction in a patient who may wish to deceive him.

The Government objects to the aforementioned expert testimony, namely on the grounds of relevance and Federal Rule of Evidence 704(b), which states:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

To rebut this argument, the defendant simply relies on his constitutional right to present a defense under the Sixth Amendment to the United States Constitution. See Record Document 50. The defendant also argues that he must offer expert testimony to rebut the allegations of illegally distributing and dispensing controlled substances, i.e., Counts 33 through 112 of the indictment, by presenting expert testimony that his actions were in fact

in the usual course of professional practice and for a legitimate purpose. See id.

The Government has conceded that "if the Defendant intends to have Dr. Cork testify regarding the prescriptions charged in Counts 33 through 112 in the Indictment, then such testimony would be appropriate." Record Document 51 at 1-2. However, the Government again reasserts its relevancy objections in light of several statements made by the defendant in his opposition to the Motion in Limine. For instance, the Government argues that any testimony from Dr. Cork regarding the defendant's treatment of Michael Vallery is irrelevant, as the indictment does not charge the defendant with over-prescribing narcotics for Mr. Vallery.[2] Likewise, the Government contends that Dr. Cork's testimony that certain state regulations do not restrict prescriptions for opioids by quantity or duration and that tolerance and dependency are normal responses is irrelevant because the indictment does not charge the defendant with over-prescribing narcotics for any patient.

The Court has reviewed the arguments of both parties and finds the Government's objections based on relevancy and Rule 704(b) to be persuasive. There is no dispute that as to Counts 33 through 112, the defendant's expert can offer expert testimony as to whether certain actions fall within the usual course of professional practice and whether those actions were for a legitimate medical purpose. In fact, the Government's expert will be offering such testimony and the Government has stated that testimony from Dr. Cork regarding prescriptions charged in Counts 33 through 112 of the indictment is appropriate.

---

[2]The Government states, and the Court agrees, that the defendant's treatment of Michael Vallery is relevant in this case only to the extent necessary to show what happened with regard to Mrs. Vallery, an individual the Government alleges received prescriptions from the defendant despite the fact that he defendant was not seeing her as a patient.

Conversely, the defendant's attempt to elicit expert testimony that is irrelevant and/or improper under Rule 704(b) will not succeed. Specifically, Dr. Cork's posited testimony regarding the defendant's treatment of Michael Vallery and certain state regulations that do not restrict prescriptions for opioids by quantity or duration is irrelevant because the defendant is not charged with over-prescribing narcotics; rather, he is charged with writing prescriptions for a patient he was not seeing and leaving prescriptions with his non-medically trained girlfriend when he left the country. Similarly, Dr. Cork's testimony regarding legitimate pain management, withdrawal effects, and/or the defendant's duty to detect addiction in patients[3] is irrelevant in light of the fact that the charges against the defendant do not relate to over-prescribing pain medications and/or patients becoming addicted to pain medications. Dr. Cork's testimony regarding methods of treating "trigger point"[4] is likewise irrelevant, as the critical issue relating to "trigger point" injections is whether the defendant billed for services not performed, not what constitutes the appropriate treatment for a patient. Finally, Dr. Cork's opinion that the defendant did not intentionally use the wrong CPT Code for trigger point injections, but rather relied on the advice of his office manager is impermissible under Rule 704(b).[5] Such a conclusion is one for the trier of fact and is an impermissible expert opinion in light of the fact that Title 18, United States Code, Section 1347 requires that the defendant act with specific intent

---

[3]This ruling encompasses items (5)-(7) listed on page 3 of the instant Memorandum Ruling.

[4]This ruling encompasses items (1)-(3) listed on pages 2-3 of the instant Memorandum Ruling.

[5]This ruling encompasses item (4) on page 3 of the instant Memorandum Ruling.

to commit fraud.

While the Court acknowledges and recognizes the defendant's Sixth Amendment right to present a defense, this Court must still adhere to the Federal Rules of Evidence. The aforementioned expert testimony is simply not relevant under Rule 401, as the evidence does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." In addition, certain portions of Dr. Cork's expert opinion are in contravention of Rule 704(b), as his opinions go to intent, which is an element of health care fraud. Therefore, in accordance with the instant rulings of this Court, Dr. Cork's testimony will be limited at trial.

## III. CONCLUSION.

Based on the foregoing, the "Motion in Limine to Exclude Testimony of Defendant's Expert Witness" (Record Document 43) filed by the Government is **GRANTED IN PART** and **DENIED IN PART**.

The Motion in Limine is **DENIED** to the extent that Dr. Cork will be permitted to testify regarding "legitimate medical purpose" and "the usual course of professional practice" as to the prescriptions listed in Counts 33 through 112 of the Indictment.

The Motion in Limine is **GRANTED** to the extent that Dr. Cork will not be permitted to testify as to the defendant's treatment of Michael Vallery; certain state regulations that do not restrict prescriptions for opioids by quantity or duration; as to legitimate pain management, withdrawal effects, and/or the defendant's duty to detect addiction in patients; and as to methods of treating "trigger point," as such evidence is irrelevant under

Federal Rule of Evidence 401.

The Motion in Limine is likewise **GRANTED** to the extent that Dr. Cork will not be permitted to express his opinion that the defendant did not intentionally use the wrong CPT Code for trigger point injections, but rather relied on the advice of his office manager, as such opinion is impermissible under Federal Rule of Evidence 704(b).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29th day of September, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE